# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO: 3:25-CV-1017

| | |
|---|---|
| JANIQUE SANDERS, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE; KAREN SHAFFER; and FRANK FLEMING, in their individual capacities, <br><br> Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY** |

## Introduction

Discovery and the requirement to conduct the 26(f) conference should be stayed until the Court rules on Defendants' Motion to Dismiss for at least two reasons.

First, the individual defendants argue that they are entitled to qualified immunity in their Motion to Dismiss. Because this immunity is an immunity from lawsuits, the Court should resolve whether the individual defendants are entitled to qualified immunity before subjecting them to discovery.

Second, a ruling on Defendants' Motion to Dismiss could change the needs and scope of discovery. If the motion is granted in its entirety, then there is no need for the parties to spend resources conducting discovery. In addition, if the individual defendants are entitled to qualified immunity, then the scope of discovery would be limited to one cause of action and one party, which could proceed at a faster pace than discovery on three causes of action involving three defendants.

As a result, to further the goals of judicial economy and efficient litigation, the Court should stay discovery and the requirement to conduct the 26(f) conference until 14 days after a ruling on Defendants' Motion to Dismiss.

## Statement of the Case and Relevant Facts

On December 22, 2025, Janique Sanders filed a Complaint against the University of North Carolina at Charlotte as well as Karen Shaffer and Frank Fleming in their individual capacities. ECF No. 1. The Complaint asserts three causes of action:

1. A mixed-motive discrimination claim against UNC-Charlotte;

2. A First Amendment retaliation claim against Shaffer; and

3. A First Amendment retaliation claim against Fleming.

ECF No. 1 at 12-15.

2

All three causes of action relate to a video that non-party Accuracy in Media ("AIM") posted where Sanders discusses changes in Diversity Equity and Inclusion policy at UNC-Charlotte. ECF No. 1 ¶ 2. In addition to being a non-party, AIM is also not an agent of UNC-Charlotte. *See id.*

Defendants have moved to dismiss all three claims and have requested a hearing on the motion. ECF No. 10.

In support of their Motion to Dismiss, Defendants argue that both First Amendment claims should be dismissed because Sanders was not speaking as a citizen on a matter of public concern because her speech occurred within the scope of her employment in the office building where she was working during business hours. ECF No. 11 at 8-12.

In addition, even if Sanders could state a First Amendment claim, the individual defendants are entitled to qualified immunity because it is not clearly established that responding to an employment inquiry in an office building during business hours is protected First Amendment speech. ECF No. 11 at 12-16.

UNC-Charlotte also argues that the Title VII claim against it should be dismissed because: (1) speech is not a protected characteristic under Title VII; (2) Sanders has not alleged that her race was a factor in the termination decision; and (3) Sanders seeks to impermissibly hold UNC-Charlotte

3

accountable for the views of the non-party, non-agent AIM who made the video.  ECF No. 11 at 16-21.

Finally, consistent with the local rules, counsel for Defendants sought the position of counsel for Sanders on the Motion to Stay Discovery.  Counsel for Sanders indicated that they were inclined to agree to the stay but wanted to see the Motion to Dismiss before committing to a position. Counsel for Defendants declined to share a copy of the Motion to Dismiss with counsel for Sanders before the filing deadline.

## Argument

## Legal Standard

Qualified immunity entitles a defendant "not to stand trial or face the other burdens of litigation."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Thus, a court is "required to rule on" a motion to dismiss that raises the issue of qualified immunity before allowing discovery.  *Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th Cir. 2005) (per curium).

In addition, courts have the inherent authority to control the disposition of cases on their docket.  *Middlesex Ins. Co. v. Doyle Dickerson Terrazzo, Inc.*, No. 3:19-CV-00492-GCM, 2021 WL 3667124, at *3 (W.D.N.C. Aug. 18, 2021).  When exercising this authority, courts consider the "inconvenience, loss of time, expense, judicial economy, the hardship and

4

inequity on the moving party if the case is not stayed, and the potential prejudice on the non-moving party if the case is stayed." *Id.*

## I. Discovery should be stayed because the individual defendants have asserted the defense of qualified immunity.

In the Motion to Dismiss, the individual defendants argue that they are entitled to qualified immunity because it is not clearly established that Sanders's response to an employment inquiry in the office building where she was working during business hours is protected First Amendment speech. ECF No. 11 at 12-16.

If the individual defendants are entitled to qualified immunity, then they should not have to face the burden of litigation. *Mitchell*, 472 U.S. at 526. As a result, the Court should stay discovery in this matter until it rules on the Motion to Dismiss. *See Lescs*, 138 F. App'x at 564.

## II. A stay would not prejudice Sanders and would decrease the hardship on Defendants.

The factors of judicial economy, the hardship on Defendants, and the potential lack of prejudice on Sanders all weigh in favor of staying discovery.

First, Defendants have moved to dismiss all claims asserted in the Complaint. These arguments are meritorious and if Defendants prevail on these arguments, then there would be no reason for the Court or the parties to expend resources like time and money on discovery.

5

In addition, even a partial grant of the Motion to Dismiss would alter the scope of discovery. For example, if the individual defendants are entitled to qualified immunity, then there could be a single Title VII claim remaining in the lawsuit. A discovery plan related to one claim and one party should involve fewer interrogatories and have shorter deadlines than a plan that involves three claims and three different defendants. Thus, after a ruling on the Motion to Dismiss, the parties can develop a discovery plan that can effectively and efficiently address the issues pending in the litigation, which will conserve the resources of the parties and the Court.

A stay will not prejudice Sanders. Allowing the Court to resolve the Motion to Dismiss before any party spends resources on discovery will allow Sanders to conserve resources. In addition, Sanders's ability to review an opinion on the Motion to Dismiss before developing a discovery plan will allow her and her lawyers the opportunity to develop an effective and efficient discovery plan tailored to the disputes at issue in this litigation.

## Conclusion

The Court should stay discovery and the requirement to conduct the 26(f) conference until 14 days after the ruling on the Motion to Dismiss.

6

This 3rd day of March, 2026.

JEFF JACKSON
Attorney General

/s/ Kenzie M. Rakes
Kensie M. Rakes
Special Deputy Attorney General
NC State Bar No. 46349
krakes@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-60085
Fax: 919-716-6764

*Attorney for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies consistent with Standing Order Paragraph 3(b)(iv) this brief (excluding the parts excluded by the order) does not exceed 4,500 words according to the word processing software used to prepare this document.

This 3rd day of March, 2026.

/s/Kenzie M. Rakes
Kenzie M. Rakes
Special Deputy Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY**

**DISCOVERY** with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to all registered CM/ECF users, addressed as

follows:

Artur Davis
adavis@hkm.com

P. Sunny Panyanouvong-Rubeck
spanyanouvong-rubeck@hkm.com

This 3rd day of March, 2026.

 /s/ Kenzie M. Rakes
Kenzie M. Rakes
Special Deputy Attorney General